**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, as subrogee of Aparna and Nitin Phadnis<br>One State Farm Plaza<br>Bloomington, IL 61710,<br><br>Plaintiff,<br><br>v.<br><br>THE CONNECTICUT LIGHT and POWER COMPANY d/b/a EVERSOURCE ENERGY<br>107 Selden Street<br>Berlin, CT 06037,<br><br>Defendant. | : | Civil Action No.: 3:26-cv-1988<br><br>**JURY TRIAL DEMANDED**<br><br>**NOVEMBER 13, 2026** |

**COMPLAINT**

Plaintiff, State Farm Fire and Casualty Company, as subrogee of Aparna and Nitin Phadnis, by and through its counsel, upon information and belief, avers as follows:

**PARTIES**

1. Plaintiff, State Farm Fire and Casualty Company ("State Farm"), is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at One State Farm Plaza, Bloomington, IL 61710, and is therefore a citizen of the State of Illinois. At all times material hereto, State Farm was authorized to do business in the State of Connecticut as an insurance company.

2. Defendant, The Connecticut Light and Power Company, doing business as Eversource Energy, ("Eversource") is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business located at 107 Selden Street, Berlin, Connecticut 06037, and is therefore a citizen of the State of Connecticut. At all times material

hereto, Eversource was engaged in the business of, *inter alia*, distributing, selling and providing electricity, including, but not limited to, installing, servicing, maintaining, and repairing electric distribution and transmission lines and cables and their related components, parts, and equipment to residents and businesses in Connecticut.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because this action is between citizens of different States — State Farm, a citizen of Illinois, and Eversource, a citizen of Connecticut — and the matter in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because Eversource resides in this district, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action, and the property that is the subject of this action, occurred and is situated within this district.

## FACTS

5. At all times material hereto, plaintiff State Farm provided insurance coverage to Aparna and Nitin Phadnis ("the Phadnises") with respect to the real and personal property located at 85 Stony Hill Road, Brookfield, CT 06804 ("the Premises").

6. At all times material hereto, Eversource supplied, conveyed, sold, transmitted, distributed, delivered, and/or transported electrical power and/or service to the Premises.

7. Said electrical service included designing, engineering, fabricating, manufacturing, owning, operating, maintaining, inspecting, testing, servicing and repairing electric transmission lines, transformers, cables, wiring, meters, circuit breakers, poles, service

laterals, connectors, and other electrical transmission and distribution equipment at, in and around the Premises.

8. On or about October 16, 2025, Phadnis contacted Eversource to report a problem with the electric service to the Premises, and Eversource dispatched a technician to the Premises in response.

9. While the Eversource technician was performing work on the electric service to the Premises, including work on the service connector and service line, Eversource shut off and then restored electric power to the Premises.

10. On or about October 16, 2025, during and/or immediately following the work performed by Eversource's technician, an electrical surge and/or overload condition and/or loss of neutral and/or fault occurred and originated on Eversource's side of the electric service for the Premises.

11. The surge and/or overload and/or loss of neutral and/or fault condition caused a fire resulting in damage and destruction to the Premises.

12. But for the surge and/or overload and/or loss of neutral and/or fault condition, the fire resulting in damage and destruction to the Premises would not have occurred.

13. As a direct and proximate result of Eversource's negligence, the Phadnises sustained damages to the real and personal property at the Premises in an amount to be established at trial in excess of $500,000.00, exclusive of interest and costs.

14. Pursuant to the terms and conditions of its policy of insurance, plaintiff State Farm has made payments to or on behalf of the Phadnises for the covered loss in an amount to be established at trial in excess of $500,000.00, exclusive of interest and costs.

15. As a result of the aforesaid payments, and pursuant to the contract of insurance and by operation of law, plaintiff State Farm is subrogated to the rights of its insureds, the Phadnises, against all parties responsible for the occurrence of said damages to the extent of State Farm's payments to or on behalf of its insureds.

**COUNT I – NEGLIGENCE**

16. Plaintiff incorporates by reference the allegations in the foregoing paragraphs as though fully set forth at length herein.

17. As an entity engaged in the business of distributing, supplying, and handling electricity, Eversource owed a duty to exercise the highest degree of care and skill reasonably to be expected of intelligent and prudent persons engaged in such a business, and to employ every reasonable precaution and safeguard known to those skilled in the safe handling of electricity, to protect the Premises and its occupants against the dangers reasonably to be anticipated from the electric service and equipment it furnished and controlled.

18. The fire and resulting damage referred to in the foregoing paragraphs were caused by the negligence, carelessness and negligent omissions of Defendant Eversource, its agents, servants, and/or employees acting within the course and scope of their employment, in that Eversource:

a. caused and/or created a fire hazard at the Premises;

b. failed to take the proper and necessary precautions to prevent a fire;

c. failed to properly and safely design, install, inspect, test, maintain, and repair the electric service components, lines, connectors, and equipment that provided electricity to and near the Premises;

d. failed to make a reasonable inspection of the electric lines, connectors, and equipment serving the Premises, and failed to correct the defective conditions so as to prevent the electrical surge and/or overload and/or loss of neutral and/or fault condition that caused the damage to the Premises;

e. failed to take adequate and necessary precautions to prevent the electrical surge and/or overload and/or loss of neutral and/or fault condition that occurred at the Premises;

f. performed work on the electric service to the Premises in a careless and unsafe manner that caused or permitted the electrical surge and/or overload and/or loss of neutral and/or fault condition to occur;

g. continued to provide electrical service to the Premises when it knew or should have known of dangerous conditions within the electrical distribution system serving the Premises;

h. failed to recognize, warn of, protect against, and respond to dangerous conditions within the electric service and electrical distribution system serving the Premises that it knew or should have known constituted a danger;

i. supplied, conveyed, sold, transmitted, distributed, delivered and/or transported electricity in an unsafe manner that presented an unreasonable risk of harm;

j. failed to properly train, instruct, and monitor its agents, servants, workmen and employees;

k. otherwise failed to use due care under the circumstances; and

l. committed such other and further negligent acts and omissions as may be revealed through discovery.

19. As a direct and proximate result of the aforesaid acts of negligence, carelessness, and negligent omissions by defendant Eversource, plaintiff State Farm sustained damages, as aforesaid, in an amount to be established at trial in excess of $500,000.00, exclusive of interest and costs.

\ WHEREFORE, plaintiff State Farm respectfully requests that this Court enter judgment in its favor and against Defendant Eversource in an amount to be established at trial in excess of $500,000.00, exclusive of interest and costs, together with interest, costs, and such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff State Farm, as subrogee of the Phadnises, hereby demands a trial by jury on all issues so triable pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Respectfully submitted,

The Plaintiff, State Farm Fire and Casualty Company, as subrogee of Aparna and Nitin Phadnis

By:____________________________

David J. Crotta, Jr., Esquire
Federal Bar No. CT03235
Esty & Buckmir, LLC
2285 Whitney Avenue
Hamden, CT 06518
203-248-5678
dcrotta@estyandbuckmir.com

Of Counsel:
Steven K. Gerber, Esquire
Federal Bar No. CT22188
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
215-665-2088
sgerber@cozen.com